Frances BROWN et al.

v.

Walter J. LYNCH, as Clerk of the Court
of Common Pleas, et al.

Civ. No. N–74–253.

United States District Court,
D. Connecticut.

June 15, 1976.

Joseph F. Montwell, Norman J. Johnson, and David A. Pels, Waterbury, Conn., Raphael L. Podolsky, Hartford, Conn., for plaintiffs.

Barney Lapp, Asst. Atty. Gen., Hartford, Conn., Robert L. Chase, Waterbury, Conn., for defendants.

Before ANDERSON, Circuit Judge, and ZAMPANO and NEWMAN, District Judges.

## MEMORANDUM OF DECISION

NEWMAN, District Judge:

Defendants have moved to dismiss on grounds of mootness this action challenging the constitutionality of Conn.Gen.Stat. §§ 49–22 and 52–325 insofar as those statutes permit plaintiff tenants to be ejected from rented premises without notice or opportunity to be heard in the event of strict foreclosure by the mortgagee. At a hearing before this three-judge Court on November 18, 1974, a preliminary injunction was issued to enjoin an execution of ejectment and maintain the plaintiffs in their month-to-month tenancies so long as they made current rental payments. At the same time, this Court abstained from consideration of the merits of plaintiffs' claims to afford the plaintiffs an opportunity to seek a state court construction of the challenged and related state statutes that might eliminate or substantially alter the constitutional issues presented. Plaintiffs initiated such state court litigation [the "declaratory judgment action"] on January 14, 1975. On March 14, 1975, the building occupied by plaintiffs was damaged by fire to an extent that it was no longer habitable. On May 16, 1975, a stipulated judgment was entered that concluded state court proceedings that had been instituted to secure plaintiffs' eviction by summary process. Thereafter reargument was held in the state declaratory judgment action on certain procedural motions, including a motion by plaintiffs to proceed on behalf of a class. On September 17, 1975, the class action motion and other procedural motions were denied by the state court because "the matter has become moot." *Brown v. The Banking Center*, No. 040058 at 2 (Super.Ct. Waterbury, Sept. 17, 1975). Defendants

have now moved to dismiss this action on grounds of mootness.

Plaintiffs resist dismissal, contending that *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), permits a class action to continue despite the mootness of the named plaintiff's claim. In *Sosna* the Supreme Court required that there be a named plaintiff who has a case or controversy "at the time the class action is certified," *id.* at 402, 95 S.Ct. at 559, a condition that was met in that case. The Court added footnote 11 at that point in the opinion to indicate that the survival of an action that has become moot as to the named plaintiff before a district court could reasonably be expected to rule on class certification "may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." *Id.* at 402 n. 11, 95 S.Ct. at 559. That standard must be applied in this case, since plaintiffs' motion to certify a class has not been ruled on.[1]

Two circumstances persuade us that this is not an appropriate case to survive mootness of the named plaintiffs' claim. We focus first on the reality of the claim that dismissal will cause the issue on the merits to evade review. That claim generally has force when the nature of the issue on the merits is such that it will invariably be mooted by the passage of time or by an event that will inevitably occur with the passage of time prior to appellate review, for example, when the issue on the merits concerned a one-year durational residence requirement, *Sosna v. Iowa, supra*, a pregnancy, *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and an election, *Moore v. Ogilvie*, 394 U.S. 814, 89

S.Ct. 1493, 23 L.Ed.2d 1 (1969). A somewhat analogous claim can be made when the issue on the merits is the right to a hearing, and the passage of time results in what is alleged to be a sufficient subsequent hearing. See, *e. g., Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975). In this case plaintiffs contend that the summary process action that afforded them notice after the execution of ejectment was served can always be instituted to moot the claim of a plaintiff who challenges the sufficiency of the ejectment procedure. This argument would have force if the summary process action were relied on by defendants as the basis for dismissal. However, rather than claim that adequate notice was given in the summary process action, defendants assert that the destruction of the premises by fire is the event that has mooted the controversy. That event is unrelated to the passage of time; it was not caused or even made more likely by the passage of time. It is an event external to the plaintiffs' controversy, one that is not likely to recur with respect to any subsequent plaintiff who may wish to litigate the issue tendered by these plaintiffs.[2] Dismissal because of this event will not cause the plaintiffs' claim to evade review.

A second circumstance is the need for state court statutory construction and the unlikelihood of these plaintiffs' obtaining such adjudication. The state trial court has considered their case moot. While no dismissal of the state court action has yet been entered, plaintiffs acknowledge that it will be and that the prospects for a successful appeal are remote. Continuing this action

---

1. Nor is this a case like *Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975), where the class action motion was deferred by agreement of the parties until decision on the merits.

2. It could be argued that *Sosna* also involved an event not causally related to the passage of time—namely, the plaintiff's obtaining a divorce outside of Iowa. Of course, the other event in *Sosna*, the expiration of one year's time necessary to satisfy the durational residence requirement, was directly related to the passage of time. Even if mootness had been

claimed at a point during the one year but after the plaintiff had obtained a divorce, the action might well have been found viable on the theory that the plaintiff's decision to obtain a divorce outside of Iowa was prompted by the residence requirement that she was challenging. *Cf. Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974). Obviously no such relationship exists in this case between the issue on the merits and the event that has rendered the case moot.

742

in this Court would therefore require us to proceed to the construction of state statutes in a case where we have previously concluded that state court construction is preferable. Any subsequent plaintiff who seeks adjudication of the issues in this case is not likely to encounter the obstacle to state court statutory construction that is currently faced by the named plaintiffs.

We deal here not with the absolute requirements of Article III, but with the more flexible standards to be applied in determining when it is appropriate to ameliorate the mootness doctrine to insure that a recurring issue will be adjudicated. For the reasons discussed, we think that the mootness of the claim of these plaintiffs should result in the dismissal of their complaint.